UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAURICE KONIG,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TRANSUNION, LLC; EQUIFAX INFORMATION SERVICES, LLC, BANK OF AMERICA, N.A.,<br><br>　　　　　Defendants. | Case No. 7:18-cv-07299<br><br>FIRST AMENDED COMPLAINT |

Plaintiff, Maurice Konig (hereinafter "Plaintiff"), alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (hereinafter "FCRA").

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b).

## PARTIES

4. Plaintiff is a natural person who at all relevant times has resided in Monsey, New York.

5. Defendant, Equifax Information Services, LLC ("Equifax"), is a business entity that regularly conducts business in New York with its principal place of business as 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(F) and is engaged in the business of assembling, evaluating, and disbursing

information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

6. Defendant, Trans Union, LLC ("Trans Union"), is a business entity that regularly conducts business in New York with its principal place of business as 555 West Adams, Chicago, Illinois 60661. TransUnion is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

7. Defendant, Bank of America, N.A. ("BANA"), is a bank corporation that regularly conducts business in New York with its corporate headquarters located at 100 North Tryon Street, Charlotte, North Carolina 28255. BANA regularly and in the ordinary course of business furnishes information to various consumer reporting agencies regarding BANA's transactions with consumers, and is a "furnisher" of information as contemplated by FCRA § 1681s-2(a) & (b).

## FACTUAL STATEMENT

8. Plaintiff had four mortgage loans which were held by BANA sometime prior to 2008.

9. In or around 2008 or 2009, Plaintiff made his last payments on these debts, leaving a balance due.

10. As Plaintiff was unable to keep up with the payments on these mortgages, BANA began foreclosure proceedings on each of the properties.

11. Under the FCRA, a negative trade line may only remain on the report of a consumer for seven and half years since the date of last payment.

12. More than seven and half years have transpired since Plaintiff last paid on any of these BANA accounts.

13. Nonetheless, these trade lines continue to report on Plaintiff's credit report, negatively affecting Plaintiff's credit and creditworthiness.

14. By failing to maintain systems to prevent items from credit reporting after they are allowed, Defendants, Equifax and TransUnion, have violated the FCRA.

15. In or around May 2018, Plaintiff disputed these BANA trade lines with both Equifax and TransUnion. Plaintiff's dispute indicated that it had been many years since his last payment and the account should be removed from his credit report by now.

16. Plaintiff specifically disputed Accounts No. 8724XXX and 8720XXX with Equifax and Accounts No. 8723XXX and 8717XXX with Trans Union.

17. Upon information and belief, both Equifax and TransUnion forwarded Plaintiff's disputes to BANA.

18. BANA failed to conduct a reasonable investigation and continued reporting the trade lines for longer than allowable by law

19. TransUnion and Equifax also failed to heed Plaintiff's disputes and conduct a reasonable investigation. As a result, they continued reporting the dated trade lines for longer than allowable by law.

20. The failure of BANA, TransUnion and Equifax to adequately investigate and remove any of these four trade lines after the reporting period of seven and a half years had passed caused significant financial damage and severe emotional distress to Plaintiff. Plaintiff was unable to obtain needed loans for his business and personal life, was caused significant embarrassment and humiliation and suffered depression, insomnia, low self-worth, anxiety and other related distress.

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

**BY TRANS UNION**

21. Plaintiff repeats, re-alleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

22. Defendant TransUnion prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

23. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

24. TransUnion negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b). This is evidenced by the fact that TransUnion allowed BOA to report beyond the period allowed by law.

25. TransUnion negligently and willfully failed to conduct a reasonable investigation in response to Plaintiff's dispute in violation of 15 U.S.C. § 1681i. If Trans Union conducted a reasonable investigation, it would not have allowed BOA to continue reporting the delinquency.

26. TransUnion has also failed to mark the BOA trade line as in dispute.

27. As a direct and proximate cause of TransUnion's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

28. TransUnion's conduct, action, and inaction was willful, rendering each liable for actual damages, statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Trans Union was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this Court grant Plaintiff a judgment against TransUnion for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY EQUIFAX

29.     Plaintiff repeats, re-alleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

30.     Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

31.     Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

32.     Equifax negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b). This is evidenced by the fact that Equifax allowed BOA to report beyond the period allowed by law.

33.     Equifax negligently and willfully failed to conduct a reasonable investigation in response to Plaintiff's dispute in violation of 15 U.S.C. § 1681i. If Equifax conducted a reasonable investigation, it would not have allowed BOA to continue reporting the delinquency.

34.     Equifax has also failed to mark the BOA trade line as in dispute.

35.     Equifax negligently and willfully failed to provide notice of the reinvestigation to Plaintiff within five (5) days after completing its investigation in violation of 15 U.S.C. § 1681i.

36. As a direct and proximate cause of Equifax's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

37. Equifax's conduct, action, and inaction was willful, rendering each liable for actual damages, statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Equifax was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this Court grant Plaintiff a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY BANK OF AMERICA

38. Plaintiff repeats, re-alleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

39. At all times pertinent hereto, BOA was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

40. BOA willfully and negligently supplied Equifax and Trans Union with negative consumer report information about Plaintiff beyond the seven and half year statutory period allowed under 15 U.S.C. §1681c(a)(4).

41. Upon information and belief, despite Plaintiff's disputes to Equifax and TransUnion, and after these disputes were sent to BOA, BOA willfully and negligently failed to conduct a reasonable investigation of the dated trade line that Plaintiff disputed. Had BOA conducted a reasonable investigation, it would have recognized the trade line was outdated past the seven and a half year

statutory period allowed under the FCRA. Furthermore, BOA should have marked the trade line as disputed.

42. BOA willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the dated trade line disputed by Plaintiff.

43. BOA willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

44. BOA willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

45. BOA's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, BOA was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this Court grant him a judgment against BOA for statutory damages, actual damages, costs, interest, and attorneys' fees.

## JURY TRIAL DEMAND

46. Plaintiff demands a jury trial on all issues so triable.

Dated this 5th day of June, 2019

Respectfully Submitted,

/s/ Daniel Zemel
Daniel Zemel, Esq. (DZ9899)
ZEMEL LAW, LLC
1373 Broad Street, Suite 203-C
Clifton, New Jersey 07013
T:  (862) 227-3106
dz@zemellawllc.com
Attorneys for Plaintiff